On Petition for Rehearing
THORNAL, Justice.
By its petition for rehearing, appellee suggests that we have misinterpreted the rule of Central Greyhound Lines v. Mealey, 334 U.S. 653, 68 S.Ct. 1260, 92 L.Ed. 1633.
Appellee is led to this conclusion account of our statement that the solution to the instant problem “is to determine the source of the gross receipts derived from the services rendered.” It is suggested that there is no basis in the Mealey decision for a factual conclusion that the gross receipts from the bus line were acquired in part from the mileage traveled through the states of Pennsylvania and New Jersey. Appellee contends that mileage of lines is the apportionment factor even though there is no relationship whatever between such line mileage and gross revenues.
While in Mealey the decision of the Supreme Court of the United States might not clearly reveal the relationship between line mileage and revenues, the decision of the Court of Appeal of New York, which was reviewed by the United States Supreme Court, delineated in greater detail the factual situation. In Central Greyhound Lines Inc., v. Mealey, 296 N.Y. 18, 68 N.E.2d 855, it is clearly shown that the bus line presented to the New York Court and consequently to the United States Court, a break-down of gross receipts for total mileage covered and receipts from mileage covered solely within the State of New York. New York did not contend that it could collect the tax on receipts for journeys beginning in New York and terminating outside the State, or vice versa. In other words, in Mealey the record reflected an amount of gross receipts from admittedly intrastate traffic and an amount of gross receipts from the traffic between points in New York via routes in the states of New Jersey and Pennsylvania which were in contest.
In the instant case there is no breakdown of receipts to Western Union derived from the intrastate aspects of the transmission of messages as against receipts derived from that portion of the transmission which is interstate. It is for this reason that we pointed out in our original opinion that so far as this record reveals there is no reasonable relationship whatsoever between line mileage and gross receipts. Stated another way, this record fails to reveal that the interstate aspects of the transmission of messages in any fashion contributed to the gross receipts collected by Western Union for messages between points in Florida. We do not hold that such interstate aspects of the transmission in no way contributed to the total of the gross receipts collected for such messages. We merely hold that *719 this record fails to show the extent of such contribution, if any, and the amount thereof.
Reverting to the Mealey case, an examination of the opinion of the New York Court of Appeals, 68 N.E.2d 865, supra, will reveal that the State Court held that the state could levy the tax against the total gross receipts collected for traffic between the points within the state although passing through two other states. This conclusion was reached because in the judgment of the New York Court this traffic did not constitute interstate commerce.
When the case went to the Supreme Court of the United States, the bus line contended that the traffic did constitute interstate commerce and that the State of New York could not collect a tax on any of the gross receipts. It contended further, however, that if the tax was collectable by New York at all, the State would have to limit its collections to an amount measured only by so much of the gross receipts attributable “to the mileage within the State.” [334 U.S. 653, 68 S.Ct. 1266.] In other words, again it was made clear that there was a direct relationship between miles traveled and gross receipts produced. Again by contrast, in the case presently before us it has not been demonstrated in any fashion that there is any relationship between miles traveled and gross receipts ultimately produced.
In the Mealey case the Supreme Court of the United States held that the transportation there involved did constitute interstate commerce and pinpointed its consideration of the matter to a determination of whether the State “is exacting * * * constitutionally fair demand * * * for that aspect of the interstate commerce to which the State bears a special relation.” The United States Court then held that it would be unfair and, therefore, an unreasonable burden on interstate commerce to allow the State of New York to base its tax on the total revenues of the bus line when it was clear that a substantial portion of the revenues were derived from mileage in other states. The tax can not be collected on the unapportioned gross receipts from interstate transportation. The United States Court noted that New York had held the tax to be unapportionable. Nevertheless, it was the view of the Federal Court that the tax “may be fairly apportioned to the business done within the state by a fair method of apportionment." [334 U.S. 653, 68 S.Ct. 1266.] It was concluded that no question as to the fairness of the suggested method had been raised and the cause was remanded to the State court.
We find nothing in our holding in the instant case that comes into conflict with the holding of the Supreme Court of the United States in Mealey. On the other hand, we are satisfied our holding is consistent with Mealey.
We here recognize frankly, the presence of an interstate aspect of the Western Union transaction. We hold that the tax is collectable only upon gross receipts obtained from intrastate business as contrasted to gross receipts derived from the interstate aspects of the business. We are requested to distinguish between the two purely on the basis of the mileage of transmission lines in Florida and outside of Florida. However, it is perfectly clear from the instant record that there is no reasonable relationship between the length of the transmission lines and the gross receipts produced for the reason that the rates are not based on miles of line. Moreover, we have not been referred to any amount of gross receipts which can be attributable to the out-of-state line mileage or reperforator system. Again we point out that so far as reflected by the instant record, the Georgia line mileage and reperforator system is an aspect of the services provided entirely for the convenience of Western Union and is lacking in any contribution to the total gross receipts. It may be that appellee can at a subsequent hearing demonstrate a reasonable relationship betwen the out-of-state line mileage and the gross receipts for the messages here involved. When that is done, such *720 amount should be deducted from the gross receipts collected from these messages in arriving at a tax base. Until it is shown that the out-of-state line mileage in some fashion is a monetarily measurable factor in the production of the gross receipts involved, it can hardly be said that interstate commerce is in any fashion adversely affected by the state tax.
Because of the peculiarity of the problem involved, we have, contrary to custom, reaffirmed our views in writing upon our consideration of the petition for rehearing. Finding as we do no reason to recede from our original opinion the petition for rehearing is denied and we adhere to our opinion of June 29, I960.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON, ROBERTS, DREW and O’CON-NELL, JJ., concur.